UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHIRLEY A. EDWARDS, on behalf of herself and others similarly situated, | ) ) Cause No: 15-1474 |
| Plaintiff, | ) ) ) |
| v. | ) CLASS ACTION ) |
| JAVITCH BLOCK, LLC And, TRANSWORLD SYSTEMS, INC. | ) JURY DEMANDED ) ) ) |
| Defendants. | ) ) ) |

## ORIGINAL COMPLAINT

Plaintiff Shirley A. Edwards, (hereinafter, the "Plaintiff"), on behalf of herself and all others similarly situated, allege against Defendants, Javitch Block, LLC, (hereinafter, "JBL" or "Defendant") and Transworld Systems, Inc. (hereinafter, "TSI" or "Defendant") violations of the Fair Debt Collection Practices Act, 15 USCA § 1692 *et seq*. (hereinafter, the "FDCPA").

### JURISDICTION AND VENUE

1.   This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question).

2.   Venue and personal jurisdiction in this District are proper because defendants' conduct collection activities within this District.

### PARTIES

3.   Plaintiff is an individual who resides in Elkhart, Indiana.

4.   JBL is a debt collection law firm that conducts business in the State of Indiana.

5. JBL's principle place of business is 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-1503.

6. TSI is a debt collection agency and/or servicer of debt that conducts business in the State of Indiana.

7. TSI's principle place of business is 507 Prudential Rd., Horsham, PA 19044.

8. JBL and TSI regularly engage in the collection of consumer debts.

## FACTS

9. This action concerns attempts to collect from the Plaintiff a debt incurred for personal, family or household purposes and not for business purposes (hereinafter "debt").

10. The underlying debt was a student loan belonging to the Plaintiff's daughter.

11. Plaintiff was the alleged cosigner for the student loan.

12. Defendant JBL was retained to collect the debt on behalf of two of the National Collegiate Student Loan Trusts.

13. TSI is the servicer of the accounts for several of the National Collegiate Student Loan Trusts which include Plaintiff's daughter's accounts.

14. The FDCPA is a federal statute aimed at regulating the debt collection industry and to protect consumers against unscrupulous actions of debt collectors.

15. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 USCS § 1692f.

16. A debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt. *Kimber v.*

*Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) (holding violation of §1692f).

17. On September 18, 2014, Defendants on behalf of National Collegiate Student Loan Trust 2005-1, caused to be filed a debt collection lawsuit under the cause number 20D03-1409-CC-1204 against Plaintiff.

18. On September 18, 2014, Defendants on behalf of National Collegiate Student Loan Trust, 2006-1, caused to be filed a debt collection lawsuit under the cause number 20D03-1409-CC-1205 against Plaintiff.

19. Payments were to begin on December 5, 2005.

20. Additionally, at a certain point of time, the Plaintiff's daughter ceased to be enrolled at least half time in the School which triggered the statute of limitations to start running pursuant to the agreement.

21. The Deferment period ended no later than 180 days after Plaintiff's daughter ceased to be enrolled at least half-time in the School pursuant to the agreement.

22. The first payment was due 30-60 days after the Deferment period ended pursuant to the agreement.

23. This debt was or should have been discharged pursuant to federal regulations and standards 120 days after default. *See* The Uniform Retail Credit Classification and Account Management Policy. 65 FR 36903-01; *see also Bunce v. Portfolio Recovery Assocs., LLC*, 2014 U.S. Dist. LEXIS 159679 (D. Kan. Nov. 12, 2014) ([c]harging off the delinquent accounts is a federal regulatory requirement. Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903-01. [a]ccordingly, it is not a voluntary action of the creditor."

24. Plaintiff's daughter never made payments on the debts.

25.     The stature of limitations had expired when the lawsuit was filed on September 18, 2014.

26.     Plaintiff paid a sum of money to private counsel for legal services in order to defend the state court cases thus suffering actual damages.

### Count I – FDCPA

27.     Paragraphs 1-25are re-alleged here and incorporated through reference.

28.     JBL is a "debt collector" as defined by 15 U.S.C 1692(a)(6).

29.     TSI is a ""debt collector" as defined by 15 U.S.C 1692(a)(6)

30.     Plaintiff is a "consumer" as defined by 15 U.S.C 1692(a)(3).

31.     JBL attempted to collect an alleged financial obligation from the Plaintiff, which qualifies as a "debt" as defined by 15 U.S.C 1692(a)(5).

32.     TSI attempted to collect an alleged financial obligation from the Plaintiff, which qualifies as a "debt" as defined by 15 U.S.C 1692(a)(5).

33.     JBL violated 15 U.S.C. § 1692(f) when it caused to be filed lawsuits on time-barred debts.

34.     TSI violated 15 U.S.C. § 1692(f) when it caused to be filed lawsuits on time-barred debts.

### Class Allegations

35.     Paragraphs 1-33 are re-alleged here and incorporated through reference.

36.     Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

37.     Plaintiff brings Count I on behalf of a class, which consists of:

> One year prior to the date of filing this action, all individuals whom Defendants caused to be filed a lawsuit on a time-barred debt in the state of Indiana.

38. Plaintiff is a member of the class defined in Paragraph 36 of this Class Action Complaint.

39. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 40 members.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendants violated 15 U.S.C. 1692(e) when it filed collection lawsuits on time-barred debts.

41. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously. Plaintiff has retained counsel experienced in consumer class actions as well as consumer credit and debt collection abuse cases.

42. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

43. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

44. Defendants have acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

45. The identity of the class is likely readily identifiable from Defendants' files or public record.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

47. Individual cases are less economically feasible.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

a) Statutory damages ($1,000 for Plaintiff and the lesser of $500,000 or 1% of net worth for the class) against Defendants;

b) Reasonable attorney's fees, litigation expenses and costs of suit; and

c) Such other or further relief as the Court deems proper.

Respectfully submitted,

*/s/ Ryan R. Frasher*
Ryan R. Frasher, Esq.
**THE FRASHER LAW FIRM, P.C.**
155 E. Market Street, Ste. 450
Indianapolis, IN 46204
(317) 634-5544 – telephone
(317) 630-4824 – facsimile
rfrasher@frasherlaw.com

/s/Syed Ali Saeed
Syed Ali Saeed
**SAEED & LITTLE, LLP**
1433 N. Meridian Street,
Indianapolis, IN 46202
(317)614-5741
(888)422-3151 (fax)
Ali@SLLawfirm.com

**ATTORNEYS FOR PLAINTIFF
AND PROPOSED CLASS COUNSEL**

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Ryan R. Frasher
Ryan R. Frasher, Esq.
**THE FRASHER LAW FIRM, P.C.**
155 E. Market Street, Ste. 450
Indianapolis, IN 46204
(317) 634-5544 – telephone
(317) 630-4824 – facsimile
rfrasher@frasherlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendants take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendants are aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Respectfully submitted,

/s/ Ryan R. Frasher
Ryan R. Frasher, Esq.
**THE FRASHER LAW FIRM, P.C.**
155 E. Market Street, Ste. 450
Indianapolis, IN 46204
(317) 634-5544 – telephone
(317) 630-4824 – facsimile
rfrasher@frasherlaw.com